**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50232 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00867-MMA-1 |
| v. | |
| JOSE HUMBERTO RAMIREZ-ARREOLA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted April 13, 2011
Pasadena, California

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

Jose Ramirez-Arreola appeals his conviction and forty-one-month sentence

for attempted reentry after deportation in violation of 8 U.S.C. § 1326. He

contends that the underlying deportation was invalid because the Immigration

Judge (IJ) failed to advise him of his eligibility for voluntary departure. Because

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain our decision. We affirm.

An IJ must inform an alien of his or her "apparent eligibility" for relief from deportation, 8 C.F.R. § 1240.11(a)(2), and "[w]e have repeatedly held that an IJ's failure to so advise an alien violates due process and can serve as the basis for a collateral attack to a deportation order where . . . the order is used as the predicate for an illegal reentry charge under § 1326," *United States v. Lopez-Velasquez*, 629 F.3d 894, 897 (9th Cir. 2010) (en banc). Ramirez-Arreola contends that at the time of his deportation hearing, he was eligible for voluntary departure because he could have shown that he was "a person of good moral character" under former 8 U.S.C. § 1254(e) (repealed 1996). An alien cannot make that showing, however, if he or she "admits having committed . . . acts which constitute the essential elements of . . . a violation of . . . any law or regulation . . . relating to a controlled substance." 8 U.S.C. § 1182(a)(2)(A)(i)(II); *see also* 8 U.S.C. § 1101(f)(3). Because Ramirez-Arreola admitted to selling hashish, he could not have qualified as a person of good moral character and therefore was statutorily ineligible for voluntary departure. Accordingly, even if there were a due process violation, Ramirez-Arreola's

collateral attack fails because he has not established prejudice. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004).

AFFIRMED.